**No. 13-6661**

_____

THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____


TIMOTHY JARED AUSTIN,
Appellant,

vs.

ADRIAN HOKE,
Respondent.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

_____

**REPLACEMENT BRIEF OF APPELLANT TIMOTHY AUSTIN**

_____


Submitted by:

Counsel for Appellant,
Erica Hashimoto
Associate Professor

Victoria Cuneo and Steven Strasberg
Third Year Law Students

Appellate Litigation Clinic
University of Georgia School of Law
Herty Drive
Athens, GA 30602-6012
(706) 542-5098

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

JURISDICTIONAL STATEMENT ........................................................ 1

STANDARD OF REVIEW ................................................................. 1

STATEMENT OF THE ISSUES ........................................................... 2

STATEMENT OF THE CASE ............................................................. 3

STATEMENT OF THE FACTS ........................................................... 5

   A.  State Trial Court Proceedings ................................................. 5

     1. Initial Sentencing Hearing ................................................. 6

     2. Amended Sentencing Order ................................................ 8

   B.  West Virginia Supreme Court Proceedings ................................ 10

   C.  Federal Proceedings ......................................................... 10

SUMMARY OF THE ARGUMENT ..................................................... 13

ARGUMENT ............................................................................. 15

   I.  The West Virginia Supreme Court reached an unreasonable
   determination of the facts in concluding that the sentencing
   judge's Amended Sentencing Order effected his original intent and
   did not impermissibly increase Mr. Austin's sentence .................. 15

II. Mr. Austin is entitled to a presumption of judicial vindictiveness. ..................................................... 22

    A. *Mr. Austin Received a Harsher Sentence Under the Amended Sentencing Order* ......................................... 24

    B. *Mr. Austin Has Shown a "Reasonable Likelihood" that the Amended Sentencing Order Resulted From Judicial Vindictiveness* .............................................................. 25

III. The State has failed to rebut the presumption of vindictiveness. .......................................................... 32

CONCLUSION ........................................................................ 34

STATEMENT REGARDING ORAL ARGUMENT ................. 35

CERTIFICATE OF COMPLIANCE ..................................... 37

ADDENDUM ........................................................................ 38

CERTIFICATE OF SERVICE ............................................. 41

# TABLE OF AUTHORITIES

## UNITED STATES SUPREME COURT CASES

*Alabama v. Smith*, 490 U.S. 794 (1989) ................................ 24, 25, 28, 31

*Apprendi v. New Jersey*, 530 U.S. 466 (2000) ....................................... 25

*Chaffin v. Stynchcombe*, 412 U.S. 17 (1973) ....................................... 23

*Miller-El v. Cockrell*, 537 U.S. 322 (2003) ............................................ 15

*Miller-El v. Dretke*, 545 U.S. 231 (2005) .............................................. 21

*North Carolina v. Pearce*, 395 U.S. 711 (1969) ............................. passim

*United States v. Goodwin*, 457 U.S. 368 (1982) ................................... 33

*Wasman v. United States*, 468 U.S. 559 (1984) ................................... 33

*Wiggins v. Smith*, 539 U.S. 510 (2003) ................................................. 16

## UNITED STATES COURTS OF APPEALS CASES

*DeCastro v. Branker*, 642 F.3d 442 (4th Cir. 2011) ............................... 1

*Jones v. Walker*, 496 F.3d 1216 (11th Cir. 2007) ................................. 21

*Lenz v. Washington*, 444 F.3d 295 (4th Cir. 2006) ............................... 12

*Miller v. Dormire*, 310 F.3d 600 (8th Cir. 2002) ................................... 18

*Norton v. Spencer,* 351 F.3d 1 (1st Cir. 2003) ...................................... 16

*Paxton v. Ward*, 199 F.3d 1197 (10th Cir. 1999) .................................. 19

*Sharpe v. Bell*, 593 F.3d 372 (4th Cir. 2010) ........................................... 22

*United States v. Bello*, 767 F.2d 1065 (4th Cir. 1985).......... 25, 32, 33, 34

*United States v. Manns*, No. 98-4730, 1999 WL 713880 (4th Cir. Sep. 14, 1999) ........................................................................... 28

*United States v. Monaco*, 702 F.2d 860 (11th Cir. 1983) ........................ 25

*United States v. Paul*, 783 F.2d 84 (7th Cir. 1986) ................................. 28

*United States v. Williams*, 444 F.3d 250 (4th Cir. 2006) ........................ 24

*Waddell v. Dep't of Corr.*, 680 F.3d 384 (4th Cir. 2012) ........................... 1

*Ward v. Sternes*, 334 F.3d 696 (7th Cir. 2003) ........................................ 19

*Worcester v. Comm'r of Internal Revenue*, 370 F.2d 713 (1st Cir. 1966) ........................................................................... 23

## STATE COURT CASES

*Colburn v. State*, 501 S.W.2d 680 (Tex. Crim. App. 1973) ..................... 29

*Mahoney v. State*, 281 A.2d 421 (Md. Ct. Spec. App. 1971) ................... 29

*O'Daniels v. City of Charleston*, 490 S.E.2d 800 (W. Va. 1997) ............. 26

*State ex rel. Aaron v. King*, 485 S.E.2d 702 (W. Va. 1997) ................... 27

*State v. Thompson*, 613 A.2d 192 (Vt. 1992) ........................................... 29

## STATUTORY PROVISIONS

28 U.S.C. § 1331 ................................................................1

28 U.S.C. § 2253 ................................................................1

28 U.S.C. § 2254 ......................................................... passim

W. Va. Code Ann. § 28-5-27.............................................20

W. Va. Code Ann. 61-11-21 ...............................................9

## RULES

4th Cir. R. 32 ..................................................................37

4th Cir. R. 34 ..................................................................35

4th Cir. R. 46 ..................................................................36

Fed. R. App. P. 32............................................................37

Fed. R. App. P. 34............................................................35

Rules of the West Virginia Parole Board, Rule 9 (July 15, 2006) ............9

W. Va. R. Crim. P. 35 ........................................................8

## SECONDARY SOURCES

Leah Epstein, Comment, *A Balanced Approach to Mandamus Review of Attorney Disqualification Orders*, 72 U. Chi. L. Rev. 667 (2005). ......27

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 1331, as it raised a federal question arising under 28 U.S.C. § 2254.  On April 9, 2013,[1] Mr. Austin timely filed a notice of appeal from the district court's final judgment order dated March 29, 2013; the order denied relief and dismissed the case.[2]  App. at 70.  On September 6, 2013, this Court granted Mr. Austin a certificate of appealability and accordingly has jurisdiction over this case pursuant to 28 U.S.C. § 2253(a).

## STANDARD OF REVIEW

This Court reviews the denial of a petition for a writ of habeas corpus *de novo*.  *Waddell v. Dep't of Corr.*, 680 F.3d 384, 392 (4th Cir. 2012) (citing *DeCastro v. Branker*, 642 F.3d 442, 449 (4th Cir. 2011)).

---

[1] Mr. Austin's notice of appeal was mailed on April 9, 2013, and received on April 15, 2013.
[2] Under Rule 4 of the Federal Rules of Appellate Procedure, Mr. Austin had 30 days within which to file a notice of appeal.

## STATEMENT OF THE ISSUES

I.   Whether the West Virginia Supreme Court made an unreasonable factual determination within the meaning of 28 U.S.C. § 2254(d)(2) when it held that the Amended Sentencing Order effected the sentencing judge's original intent and did not impermissibly increase Mr. Austin's sentence, in spite of the fact that the record demonstrated that the judge intended the sentences to run partially concurrently.

II.  Whether the sentencing judge's Amended Sentencing Order triggered the *North Carolina v. Pearce*, 395 U.S. 711 (1969), presumption of judicial vindictiveness where that order resulted in more prison time for Mr. Austin and the sentencing judge issued it only after Mr. Austin moved for an expedited correction of his sentence and petitioned the West Virginia Supreme Court for a writ of mandamus that would have compelled the sentencing judge to act on Mr. Austin's motion.

III. Whether, assuming the presumption of vindictiveness applies, the State has rebutted the presumption where the State has identified

2

no additional relevant sentencing information that justified a harsher sentence.

## STATEMENT OF THE CASE

This case concerns a state judge vindictively increasing a prisoner's sentence in response to the exercise of a constitutional right. Timothy Austin was imprisoned in West Virginia on an unrelated offense when he walked away from a work crew and was charged with escape from a prison or jail. He pled guilty to attempted jail or prison escape (hereinafter "escape"),[3] and was initially sentenced to serve his escape sentence partially concurrently with the sentence he was already serving. After Mr. Austin filed a writ of mandamus to the West Virginia Supreme Court of Appeals, however, the sentencing judge amended the sentences to run consecutively, thereby adding three years to Mr. Austin's maximum sentence.

Mr. Austin's initial sentencing on the escape offense took place in a West Virginia circuit court on November 12, 2009. App. at 19. On August 31, 2010, Mr. Austin filed an expedited motion to correct an

---

[3] Mr. Austin was initially charged with escape, but pled guilty to the lesser-included offense of attempted jail or prison escape. App. at 9.

illegal sentence in the trial court.[4]  App. at 59.  After his motion before

the trial court had been pending for almost two months, Mr. Austin

filed a petition for a writ of mandamus in the West Virginia Supreme

Court; that petition was received by the trial judge on October 18, 2010.

App. at 22.  Four days later, on October 22, 2010, the trial judge issued

an Amended Sentencing Order that increased Mr. Austin's sentence.

App. at 22.  On November 22, 2010, the West Virginia Supreme Court

denied Mr. Austin's petition for writ of mandamus.  Mr. Austin then

appealed the increase in his sentence to the West Virginia Supreme

Court claiming judicial vindictiveness, and on October 25, 2011, that

court denied relief.   App. at 25.

On November 10, 2011, Mr. Austin timely filed a habeas petition

under 28 U.S.C. § 2254 in the United States District Court for the

Southern District of West Virginia,[5] claiming that the Amended

Sentencing Order violated his constitutional rights.  App. at 28-29.  The

---

[4] The basis for his Rule 35(a) claim was that because he was eligible for parole on his breaking and entering charge before his sentencing on the escape, the trial court had impermissibly extended the minimum sentence from one year to fifteen months.

[5] Mr. Austin originally filed his petition in the United States District Court for the Northern District of West Virginia, and that court transferred the case to the Southern District.  App. at 2.

magistrate judge ordered the State to show cause why Mr. Austin's petition should not be granted, and on September 24, 2012, the State filed an answer and a motion for summary judgment. App. at 42. Mr. Austin filed a response to that motion on October 19, 2012. App. at 43.

The magistrate judge recommended that the district court grant relief on Mr. Austin's § 2254 claim in a memorandum dated December 4, 2012. App. at 55-56. On March 29, 2013, however, the district court rejected the magistrate judge's recommendation and dismissed Mr. Austin's petition under § 2254. App. at 68-69.

## STATEMENT OF THE FACTS

### A. State Trial Court Proceedings

In December 2004, Mr. Austin was convicted of breaking and entering, and a West Virginia trial court sentenced him to one to fifteen years imprisonment. App. at 31. While serving the breaking and entering sentence, Mr. Austin walked away from a road crew. App. at 37. He was arrested two and a half days later and charged with escape. App. at 37-38. On September 24, 2009, he pled guilty to the lesser-included offense of attempted escape, which carried a sentence of one to three years. App. at 38.

5

### 1. Initial Sentencing Hearing

Mr. Austin was sentenced on the escape conviction[6] at a hearing before Judge Murensky of the circuit court in McDowell County, West Virginia, on November 12, 2009.  App. at 7, 15.  At the hearing, Judge Murensky explained that he had three options for setting the commencement date for Mr. Austin's escape sentence: (1) the day of sentencing—November 12, 2009—which would make the escape sentence run completely concurrently with the breaking and entering charge, (2) the day Mr. Austin completed the maximum sentence on the breaking and entering charge, meaning the sentences would run completely consecutively, or (3) a middle ground under which the escape sentence would begin to run in March 2010, and thereafter run concurrently with the breaking and entering so that Mr. Austin would serve some additional time in prison before becoming eligible for parole without suffering the consequences of a fully consecutive sentence. App. at 15-16.

Judge Murensky explicitly rejected the first two options and chose the third: partially concurrent sentences.  App. at 15.  The judge

---

[6] The term "escape" or "escape conviction" is used throughout this brief to refer to Mr. Austin's attempted escape conviction.

rejected totally concurrent sentences because he "d[id] think [Austin] should serve some time for [the offense]," and he also rejected completely consecutive sentences  because it was not a "violent type of jail escape." App. at 15.  Under the sentence imposed, Mr. Austin's maximum sentence remained the same as it was under the breaking and entering charge—fifteen years—because the maximum term on the escape sentence would elapse, at the latest, in March 2013, when Mr. Austin was still serving the maximum sentence for his breaking and entering offense, which did not expire until December 2019, 15 years after his conviction in December of 2004.  App. at 31.

The only change was to Mr. Austin's *minimum* sentence—the day he first would become eligible for parole.  Because the minimum sentence for the escape offense was one year, the net effect of the sentence was to add an additional year before Mr. Austin became parole-eligible, so that he would not be parole-eligible until March 2011.  App. at 15-16 ("[I]t will cost you your opportunity for parole because you won't be eligible then until March of 2011.").

After sentencing, on August 31, 2010, Mr. Austin filed an expedited motion to correct an illegal sentence under West Virginia

Rule of Criminal Procedure 35(a), on the theory that the newly entered sentence misidentified the operative date of initial parole eligibility under his sentence for breaking and entering. App. at 40. After the trial court had not ruled on his Rule 35(a) motion for almost two months, and in light of the fact that parole officials were scheduled to conduct hearings at Mr. Austin's prison, Mr. Austin filed a petition for writ of mandamus in the West Virginia Supreme Court on October 19, 2010. App. at 40. In the petition, Mr. Austin requested that the West Virginia Supreme Court compel the trial court to decide the Rule 35(a) motion. App. at 52.

### 2. Amended Sentencing Order

On October 22, 2010, four days after Judge Murensky received a copy of Mr. Austin's petition for a writ of mandamus, Judge Murensky issued an "Amended Sentencing Order" that purportedly "clarif[ied] the original Sentencing Order." App. at 22-23. The Amended Sentencing Order increased Mr. Austin's sentence from partially concurrent to completely consecutive. App. at 22. This added three years to the

maximum sentence.[7]  Specifically, the Amended Sentencing Order stated:

> It was the intent of this sentencing court that the sentence imposed on November 12, 2009, be served consecutively with the unrelated sentence the defendant was already serving on November 12, 2009. . . . It is further **ORDERED** that the defendant's sentence run consecutively with the unrelated sentence he was already serving on November 12, 2009 . . . .

App. at 22.

Under West Virginia law, the maximum and minimum sentences on consecutive terms are added together.  *See* W. Va. Code Ann. § 61-11-21; *see also* Rules of the West Virginia Parole Board, Rule 9 (July 15, 2006).[8]  Thus, Mr. Austin's maximum sentence changed from a total of fifteen years, under the initial sentencing order, to a total of eighteen years (fifteen years on the breaking and entering charge and an additional three years on the attempted escape) under the Amended Sentencing Order.

---

[7] Mr. Austin's claim focuses on the increase in his maximum sentence, rather than his parole eligibility date, because thus far, he has been denied parole. His vindictiveness claim therefore centers on the three year increase to the maximum sentence.

[8] Available at http://www.paroleboard.wv.gov/SiteCollectionDocuments/West%20Virginia%20Parole%20Board%20Procedural%20Rules.pdf.

## B. West Virginia Supreme Court Proceedings

Mr. Austin timely appealed the increase in his sentence to the West Virginia Supreme Court.  App. at 24.  In that appeal, he argued that the new sentence violated the Due Process Clause in light of the presumption of vindictiveness.  App. at 41.  The West Virginia Supreme Court rejected the vindictiveness claim on October 25, 2011:

> The Court finds no merit in [Mr. Austin's] argument. Had the circuit court originally intended for these two sentences to run concurrently, it is hard to imagine how the subsequent sentence would have punished the petitioner or served to deter him from future escapes. It is clear from the record that the circuit court intended for the sentences to run consecutively, and that the sentence was not impermissibly increased. As such, the petitioner's due process rights were not violated by the entry of the amended sentencing order.

App. at 25.

## C. Federal Proceedings

Mr. Austin timely filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, and the magistrate judge recommended that the district court grant relief in a memorandum issued December 4, 2012.[9] App. at 55-56.  The magistrate judge rejected the State's argument that "the trial court's intent to run petitioner's sentences consecutively was

_____

[9] The magistrate judge's recommendation was based on briefing by Mr. Austin and the State, but did not include an evidentiary hearing.

obvious" and found that Mr. Austin overcame the presumption of correctness of the State court's decision, because the State court reached an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." App. at 46, 55-56; 28 U.S.C. § 2254(d)(2). The magistrate judge then found that the increase in Mr. Austin's sentence between the initial and Amended Sentencing Order raised the presumption of vindictiveness under *North Carolina v. Pearce*, 395 U.S. 711 (1969). App. at 50-53. Finally, the magistrate concluded that the State failed to rebut the presumption of vindictiveness. App at 53-55.

On December 18, 2012, the State filed an objection to the magistrate's recommendation, arguing that the magistrate had not adequately deferred to the state court decision. App. at 57-58, 64. Without conducting any further factual investigation, the district court rejected the magistrate's recommendation. App. at 68. It emphasized the "great deference a federal court must give a state court's findings," and concluded that the West Virginia Supreme Court's decision was not so unreasonable as to merit relief. App. at 62, 65-66. In coming to this decision, the court observed:

> [T]he [trial court] record contains conflicting evidence as to the trial court's intentions with respect to Austin's sentence and is susceptible to several different interpretations. One of those possible interpretations – that the trial court intended for Austin's sentence on the Attempted Escape to run consecutive to his undischarged term of imprisonment – "is fairly and adequately supported by the record, and is therefore entitled to section 2254's presumption of correctness."

App. at 64 (citing *Lenz v. Washington*, 444 F.3d 295, 299 (4th Cir. 2006)).

In the alternative, the district court concluded that the Amended Sentencing Order did not even trigger the Due Process protection recognized in *North Carolina v. Pearce*, 395 U.S. 711 (1969). This was so, according to the district court, because the motion for correction of the initially-imposed partially concurrent sentence "was directed to the sentencing judge, not a higher tribunal." Finally, the district court concluded that the presumption of vindictiveness applies only when the resentencing occurs after remand from an appellate court. App. at 66-67. Since Mr. Austin was resentenced after filing a petition for writ of mandamus, the district court concluded that "nothing occurred to trigger the presumption of vindictiveness." App. at 67.

On September 6, 2013, this Court granted Mr. Austin's motion for a certificate of appealability as to the following issue: "Whether the

district court erred in concluding that the state appellate court did not reach an unreasonable determination of the facts and whether Austin demonstrated that the sentencing court's increase of Austin's sentence violated his due process rights."  The Court also appointed undersigned counsel to represent Mr. Austin.

## SUMMARY OF THE ARGUMENT

This Court should reverse the district court's denial of Mr. Austin's petition for a writ of habeas corpus under 28 U.S.C. § 2254 and remand this case with instructions to grant Mr. Austin's petition.  The district court erred in its evaluation of Mr. Austin's petition in two ways.

First, the district court improperly concluded that Mr. Austin failed to show that the state court's holding was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  This Court should hold that the West Virginia Supreme Court unreasonably determined that the sentencing judge had initially intended for Mr. Austin's sentence to run consecutively with the unrelated sentence that he was already serving.

Second, the district court improperly held that Mr. Austin was not entitled to a presumption of judicial vindictiveness under *Pearce* as a result of the sentencing judge's Amended Sentencing Order. This Court should hold that Mr. Austin was entitled to the presumption because the Amended Sentencing Order resulted in a harsher sentence for Mr. Austin and the circumstances surrounding resentencing demonstrate a reasonable likelihood that the harsher sentence resulted from vindictiveness.

Finally, although not addressed by the district court because it concluded that the presumption of vindictiveness had not been triggered, this Court should hold that the State has failed to rebut the presumption of vindictiveness. Because the State cannot show that the sentencing judge relied on any additional sentencing information, it has not rebutted the presumption. Accordingly, this Court should reverse the district court's denial of Mr. Austin's petition for a writ of habeas corpus and remand this case to the district court with instructions to grant Mr. Austin's petition.

# ARGUMENT

**I.    The West Virginia Supreme Court reached an unreasonable determination of the facts in concluding that the sentencing judge's Amended Sentencing Order effected his original intent and did not impermissibly increase Mr. Austin's sentence.**

State court decisions are generally afforded deference by federal courts, but the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") permits federal courts to grant habeas relief if the State court decision is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  In addition, although a "determination of a factual issue made by a State court shall be presumed to be correct," this presumption is not conclusive.  Rather, it may be overcome "by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

The United States Supreme Court has emphasized that "[d]eference does not by definition preclude relief" or "imply abandonment or abdication of judicial review," even in the context of federal habeas review.  *Miller-El v. Cockrell*, 537 U.S. 322, 324, 340 (2003).  Indeed, numerous courts have found § 2254(d)(2) met where, as in this case, the State judgment ignored facts in the record or was based on facts not in the record.  *See, e.g.*, *Wiggins v. Smith*, 539 U.S. 510, 528

(2003) (finding clear error when a state court relied on a faulty assumption that state records included facts that were not actually in those records); *Norton v. Spencer,* 351 F.3d 1, 7 (1st Cir. 2003) (finding clear factual error when a State appellate court concluded that "affidavits were necessarily incredible" although the trial judge did not even consider the affidavits). Because this is one of the rare cases where the State court's determination is "objectively unreasonable in light of the evidence presented," this Court should review the claim raised in Mr. Austin's § 2254 petition. 28 U.S.C. § 2254(d)(2).

The West Virginia Supreme Court made two clear errors. First, the West Virginia Supreme Court ignored the facts of record when concluding that the sentencing judge initially intended for the sentences to run consecutively. Second, the West Virginia Supreme Court erred by holding that the Amended Sentencing Order did not impermissibly increase Mr. Austin's original sentence.

The West Virginia Supreme Court erred in holding that: "It is clear from the record that the circuit court intended for the sentences to

run consecutively."[10]  This conclusion is untenable because it ignores two important facts in the record: At the sentencing hearing, the judge explicitly rejected the possibility of consecutive sentences, and, the original sentencing order requires the sentences to run partially concurrently, rather than consecutively.

The West Virginia Supreme Court's finding ignores the fact that, at the initial sentencing, the sentencing judge expressly rejected the possibility of a consecutive sentence in favor of partially concurrent sentences.  App. at 15.  The judge explicitly recognized that the imposition of consecutive sentences was a possibility: "I've got several ways that I can sentence you . . . .  I can sentence you to a one to three starting when you're discharged [on the breaking and entering sentence]."  App. at 15.  But he then unambiguously concluded that such a punishment was not merited in this case because it involved only a non-violent walk-away from a work crew.  As the judge explained: If

---

[10] The primary basis for the Court's ruling appears to have been its speculation that "it is hard to imagine" how a concurrent sentence would have punished Mr. Austin and deterred future escapes.  App. at 25.  This speculation completely ignores the fact that—as the sentencing judge explained at the sentencing hearing—the *partially* concurrent sentence the judge initially imposed required Mr. Austin to serve an additional year of imprisonment before he was eligible for parole.  App. at 15-16.

there "had been a violent type of jail escape or whatever, I would have put [the escape sentence] at the end of your [breaking and entering] sentence but it wasn't . . . . You just walked off." App. at 15. The West Virginia Supreme Court reached an "unreasonable determination of the facts" in ignoring the sentencing judge's express rejection of completely consecutive sentences and concluding that the judge "intended for the sentences to run consecutively." App. at 25; *see, e.g.*, *Miller v. Dormire*, 310 F.3d 600, 603-604 (8th Cir. 2002) (finding clear factual error when a State court held a defendant affirmatively waived his right to a jury trial, ignoring the fact that the "record is devoid of any direct testimony from Miller regarding his consent to waive trial by jury").

The West Virginia Supreme Court also ignored the plain language of the written sentencing order. That order clearly states: "It is further ORDERED that the defendant serve this sentence beginning March 2010." App. at 20. Had the sentencing judge intended for the sentences to run consecutively, he would have ordered the escape sentence to begin when the maximum sentence for breaking and entering ended. The West Virginia Supreme Court ignored the plain language of the

written sentencing order when it found that the record "clearly reflects that the sentences were intended to be consecutive." App. at 20.

The conclusion of the West Virginia Supreme Court is unsupported by the record and is clear factual error. Courts have found clear factual error under § 2254(d)(2) when a State court makes factual findings contradicted by the record. *See, e.g.*, *Ward v. Sternes*, 334 F.3d 696, 705–08 (7th Cir. 2003) (finding unreasonable error where state court concluded that a defendant's statement "'I guess, I don't know' constituted a knowing and intelligent waiver"); *Paxton v. Ward*, 199 F.3d 1197, 1210-11 (10th Cir. 1999) (finding factual error when the State court's conclusion is contradicted by the record evidence).

The West Virginia Supreme Court ignored the facts in the record, and the presumption of correctness that attaches to such findings therefore has been rebutted. Because the decision of the West Virginia Supreme Court ignores facts contrary to its decision and lacks fair support in the record, this Court should find the presumption rebutted by clear and convincing evidence.

The West Virginia Supreme Court also clearly erred in finding that "the sentence was not impermissibly increased." App. at 25. To be

sure, this finding is subject to two interpretations: (1) that the sentence was not impermissibly increased because the sentencing judge was effectuating his original intent, or (2) that the sentence was not impermissibly increased because it did not result in an increase from Mr. Austin's original sentence. Regardless, this finding constitutes clear error. As to the first interpretation, as discussed above, the record evidence clearly demonstrates that the sentencing judge originally intended to run the sentences partially concurrently rather than consecutively.

As to the second point, at the initial sentencing, Mr. Austin's maximum sentence remained the same as it was under his breaking and entering offense: fifteen years. The escape sentence began running in March 2010 and ran concurrently with the breaking and entering offense from then on. Since the three-year maximum for the escape conviction was to elapse in March 2013, Mr. Austin's would still have been serving the maximum sentence for the breaking and entering offense.[11] Thus, there was no change to the maximum sentence. The

---

[11] In West Virginia, prisoners receive "good time credit," meaning that for every one day served in prison, one day of credit is earned. *See* W. Va. Code Ann. § 28-5-27(c). As a result, assuming Mr. Austin earns all

only thing that changed was Mr. Austin's parole eligibility date, which was pushed back to March 2011.

In stark contrast to the initial sentencing decision, the Amended Sentencing Order required the two sentences to run completely consecutively. App. at 22. The maximum sentences were thus stacked, such that the three year escape maximum was added to the fifteen year breaking and entering sentence, for a total maximum term of eighteen years. In short, the Amended Sentencing Order added three years to Mr. Austin's previously-imposed maximum sentence. Thus, the West Virginia Supreme Court clearly erred in reaching its factual conclusions. *See, e.g.*, *Jones v. Walker*, 496 F.3d 1216, 1227-28 (11th Cir. 2007) (finding clear error where a state court came to a factual conclusion that was clearly contrary to the record); *see also Miller-El v. Dretke*, 545 U.S. 231, 266 (2005) (finding factual error under § 2254(d) when a State court ignores facts in the record). Because the West Virginia Supreme Court came to an unreasonable factual determination both in finding that the sentencing judge initially intended for the

---

his good time credit, he will serve seven and a half years on his fifteen-year maximum for breaking and entering, and he will serve an additional one and a half years on his three-year maximum for attempted escape.

sentence to run consecutively and in finding that there was no impermissible increase in the sentence, this Court should review the merits of Mr. Austin's claim.

## II.    Mr. Austin is entitled to a presumption of judicial vindictiveness.

The merits of Mr. Austin's habeas petition are not subject to the deference afforded to state court findings of fact.  Because Mr. Austin has met his burden under § 2254(d)(2) by demonstrating that the state court reached an unreasonable determination regarding the Amended Sentencing Order, a federal court can reach the merits of his habeas petition.  *See Sharpe v. Bell*, 593 F.3d 372, 382-83 (4th Cir. 2010) (noting that the bar on federal habeas relief is lifted upon the satisfaction of either § 2254(d)(1) or (d)(2)).  Moreover, because the state court misapprehended the intent of the original sentencing and the effect of the later Amended Sentencing Order, it never ruled on the application of *Pearce* to the actual facts of this case—it only considered whether *Pearce* would have applied under the mistaken conclusion that the Amended Sentencing Order effectuated the trial judge's original intent.  As a result, if the state court reached an unreasonable determination of the facts, there is no legal holding to which this Court

22

must defer.  On the merits of Mr. Austin's claim, this Court should reverse the district court and hold that Mr. Austin is entitled to the presumption of vindictiveness.

The Supreme Court has held that fundamental notions of fairness built into the Due Process Clause require that defendants be free of any apprehension associated with exercising their rights of appeal or collateral review. *See Chaffin v. Stynchcombe*, 412 U.S. 17, 25 (1973). In recognition of that need, the Court created a prophylactic presumption of judicial vindictiveness to protect Due Process rights by affirmatively requiring judges to provide factual grounds to explain any increase in a defendant's sentence after the defendant has exercised his right to an appeal or collateral review. *See North Carolina v. Pearce*, 395 U.S. 711, 726 (1969).  In *Pearce*, the Court noted that a "court is without right to put a price on an appeal" and that "[a] defendant's exercise of a right of appeal must be free and unfettered." *Id.* at 724 (quoting *Worcester v. Comm'r of Internal Revenue*, 370 F.2d 713, 718 (1st Cir. 1966) (internal quotation marks omitted)).

The Court subsequently clarified that the presumption of vindictiveness is triggered when there is a "reasonable likelihood that

23

the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Alabama v. Smith*, 490 U.S. 794, 799 (1989) (internal citation and quotation marks omitted). As a result, so long as the defendant establishes two factual predicates, a presumption of judicial vindictiveness arises. *See United States v. Williams*, 444 F.3d 250, 254 (4th Cir. 2006). First, a sentencing court must have imposed a more severe sentence than the sentence originally imposed. *Id.* Second, the petitioner must show a reasonable likelihood "that the increase in sentence is the product of actual vindictiveness," such as a showing that the same sentencing judge issued both sentences and had no additional sentencing information when resentencing the defendant more harshly after a reversal on appeal. *Id.* (quoting *Smith*, 490 U.S. at 799). Here, Mr. Austin has demonstrated both of these predicates and accordingly is entitled to a presumption of vindictiveness.

A.    *Mr. Austin Received a Harsher Sentence Under the Amended Sentencing Order*

Mr. Austin has established the first factual predicate for reasons set forth in the preceding section. As explained in Section I above, under the original sentencing order, Mr. Austin would have experienced a delay in his parole eligibility, but his maximum term remained fifteen

years, the same maximum that he received on the breaking and entering conviction. The Amended Sentencing Order, however, increased Mr. Austin's maximum sentence to eighteen years. Mr. Austin's sentence under the Amended Sentencing Order therefore is necessarily harsher, as he is now subject to three additional years of imprisonment. *See United States v. Monaco*, 702 F.2d 860, 885 (11th Cir. 1983) (holding that even a one year increase in sentence violates the *Pearce* rule); *see also Apprendi v. New Jersey*, 530 U.S. 466, 481-83 (2000) (recognizing the constitutional significance of statutory maximum sentences); *United States v. Bello*, 767 F.2d 1065, 1068 (4th Cir. 1985) (treating a delay in parole eligibility with no increase in the maximum sentence as harsher).

B.   *Mr. Austin Has Shown a "Reasonable Likelihood" that the Amended Sentencing Order Resulted From Judicial Vindictiveness*

Mr. Austin also has demonstrated the requisite "reasonable likelihood" that the increase in his sentence resulted from his pursuit of his constitutionally safeguarded rights of judicial review. *See Smith*, 490 U.S. at 799. This is so because the sentencing judge imposed the harsher Amended Sentencing Order only after Mr. Austin

(1) challenged the legality of the judge's initial sentencing order by filing an expedited Rule 35(a) motion to correct an illegal sentence and (2) filed a petition for a writ of mandamus to the West Virginia Supreme Court in an attempt to compel the sentencing judge to review his original sentence after the judge failed to rule on the motion for more than 50 days. These facts are undisputed and present an archetypal case for the application of a presumption of judicial vindictiveness.

The petition for a writ of mandamus that Mr. Austin filed against the sentencing judge is sufficient to demonstrate a likelihood that his harsher sentence resulted from vindictiveness. The petition sought to have the West Virginia Supreme Court compel the sentencing judge to do what Mr. Austin had asked the trial judge to do—evaluate the legality of the original sentence. A writ of mandamus is, of course, an "extraordinary" writ. *O'Daniels v. City of Charleston*, 490 S.E.2d 800, 804 (W. Va. 1997). The West Virginia Supreme Court only issues a writ of mandamus when (1) the petitioner has a clear right to the relief sought, (2) the party against whom mandamus is sought has a legal duty to do the thing requested by the petitioner, and (3) no other

adequate remedy exists.  *State ex rel. Aaron v. King*, 485 S.E.2d 702, 704 (W. Va. 1997).  Further substantiating the likelihood of vindictiveness resulting from the filing of a petition for a writ of mandamus is the fact that "judges often see mandamus petitions as a slap in the face."  Leah Epstein, Comment, *A Balanced Approach to Mandamus Review of Attorney Disqualification Orders*, 72 U. Chi. L. Rev. 667, 693 (2005).

The sentencing judge had not ruled on Mr. Austin's *expedited* motion for correction of an illegal sentence for fifty days when Mr. Austin filed his petition for a writ of mandamus, seeking to compel the judge to rule on the motion before Mr. Austin's imminent parole hearing in November 2010.[12]  Although the sentencing judge failed to act on Mr. Austin's expedited motion for fifty days, he entered a *sua sponte* Amended Sentencing Order just four days after receiving a copy of Mr. Austin's petition for writ of mandamus in the West Virginia Supreme Court.  In that sentencing order, the sentencing judge increased Mr. Austin's sentence and explicitly recognized the pendency of the

---

[12] Mr. Austin sought expedited consideration of his Rule 35(a) motion because he was scheduled for a parole hearing and the resolution of illegal sentence would have impacted his parole eligibility.

mandamus petition by saying "the undersigned Judge received a copy of a Writ of Mandamus."  App. at 22.

This Court has held that the *Pearce* presumption of vindictiveness applies so long as the defendant "show[s] circumstances creating a 'reasonable likelihood' of vindictiveness.'"  *United States v. Manns*, No. 98-4730, 1999 WL 713880, at *2 (4th Cir. Sep. 14, 1999).  This objective test is readily met in light of this set of facts, especially where—tracking facts previously emphasized by the Supreme Court—the same judge issued both sentences and had no additional information that warranted an increase in punishment.  *See Smith*, 490 U.S. at 802.

Notably, it strengthens the case for applying the *Pearce* presumption that this case involves a request for an extraordinary writ of mandamus, rather than a commonplace case of resentencing after an appellate remand.  Many courts have recognized that *Pearce* applies in contexts other than the one presented in *Pearce* itself—that is, the imposition of a harsher sentence following a successful appeal.  *See, e.g., United States v. Paul*, 783 F.2d 84, 88 (7th Cir. 1986) (approving the application of *Pearce* to resentencing following a successful motion to correct a sentence); *Mahoney v. State*, 281 A.2d 421, 425 (Md. Ct.

Spec. App. 1971) ("[I]f the courts are prohibited from exercising vindictiveness on a retrial because of a defendant's successful appellate attack, they are likewise prohibited from exercising vindictiveness because of a defendant's intention to appeal."); *Colburn v. State*, 501 S.W.2d 680, 682-83 (Tex. Crim. App. 1973) (applying *Pearce* when a sentencing increase follows the defendant's articulated desire to appeal); *State v. Thompson*, 613 A.2d 192, 194 (Vt. 1992) (approving the application of *Pearce* when a defendant challenges the legality of his sentence).

In *Colburn*, for example, the appellate court applied the *Pearce* presumption when a trial court granted a motion to reduce the defendant's probation revocation sentence to five years imprisonment, but the trial court rescinded its order reducing the sentence and reimposed a seven year sentence as soon as counsel gave notice of appeal. *Colburn*, 501 S.W.2d at 682. In this case, as in *Colburn*, the new sentence came in swift response to a request for appellate relief from the initially imposed sentence. Indeed, *Colburn* applies *a fortiori* because this case involves the additional element of the defendant's intervening request for "extraordinary" mandamus relief.

Bolstering the already compelling case for a likelihood of vindictiveness is the fact that the trial judge imposed Mr. Austin's sentence after Mr. Austin filed a Rule 35(a) motion that challenged the legality of his original sentence. The fact that Mr. Austin's Rule 35(a) motion challenged the sentencing judge's initial sentencing order further supports the conclusion that there is a reasonable likelihood of vindictiveness stemming from the petition for a writ of mandamus. Because the sentencing judge refused to rule on the expedited motion in spite of the fact that Mr. Austin had requested timely resolution in order to resolve his parole eligibility, it was likely that the West Virginia Supreme Court would have granted mandamus and compelled the sentencing judge to rule on the motion. Accordingly, the facts here present a substantial likelihood that the sentencing judge, who amended the original sentence only days after he received the petition for a writ of mandamus and explicitly mentioned the petition in the Amended Sentencing Order, acted with vindictiveness.

In *Smith*, the Supreme Court acted to ensure that *Pearce* did not prohibit trial courts from making *valid* sentencing decisions after a defendant engages in constitutionally protected conduct, such as when a

different judge or jury issues the second sentence or when a judge has

the benefit of additional relevant sentencing information when she

issues the second sentence. *See Smith*, 490 U.S. at 799-800. Here, in

stark contrast, the sentencing judge imposed both the original sentence

and the Amended Sentencing Order, and he did not have before him

any additional relevant sentencing information when he imposed the

later sentence. Indeed, the only intervening development was Mr.

Austin's motion that challenged the original sentence and his petition

for a writ of mandamus based on the sentencing judge's failure to

consider the legality of the first sentence.

The *Smith* Court noted that a presumption of vindictiveness

*should arise* when, as in *Pearce* and this case, the sentencing judge had

not changed and had no additional relevant sentencing information but

issued a harsher sentence without adequate explanation. *See id.* at 802

(holding that "any unexplained change in the sentence is therefore

subject to a presumption of vindictiveness" where the same sentencing

judge imposed both sentences and operated with the same sentencing

considerations). That is precisely the situation here, and the

presumption therefore should apply. Absent a presumption of

vindictiveness in situations such as this one, defendants in Mr. Austin's position would, as the Court in *Pearce* feared, be deterred from exercising their rights to judicial redress out of fear of retaliation from the sentencing judge. *See Pearce*, 395 U.S. at 725.

There is a reasonable likelihood that Mr. Austin's second sentence was the product of judicial vindictiveness stemming from either or both of Mr. Austin's direct challenges of the sentencing judge. Accordingly, this Court should reverse the judgment of the district court and remand with instructions to grant Mr. Austin's petition for a writ of habeas corpus so that the West Virginia State court can correct his sentence.

## III.    The State has failed to rebut the presumption of vindictiveness.

The State has failed to rebut the presumption of vindictiveness. In order to rebut that presumption, the State must point to new developments between the time of the initial sentencing and the Amended Sentencing Order that justify the increased sentence. *Bello*, 767 F.2d at 1068-69. No such facts exist here, and the district court's decision therefore must be reversed with instructions to grant Mr. Austin's writ.

32

The State may rebut the presumption of vindictiveness by putting forward "only . . . objective information in the record justifying the increased sentence," *United States v. Goodwin*, 457 U.S. 368, 374 (1982), that is either newly disclosed factual information about the defendant or "relevant conduct or events that occurred subsequent to the original sentencing." *United States v. Bello*, 767 F.2d 1065, 1068-69 (4th Cir. 1985) (quoting *Wasman v. United States*, 468 U.S. 559, 572 (1984)). In Mr. Austin's case, the only intervening events were his filing of a Rule 35(a) motion and a petition for writ of mandamus. Indeed, the Government has proffered no new conduct or facts between the time of the original sentencing and the Amended Sentencing Order that would justify an increased sentence.

In the absence of any new facts, the presumption of vindictiveness stands. This Court reaffirmed this principle in *Bello*, 767 F.2d at 1066, where a defendant was charged with three drug related offenses. At the initial sentencing hearing, the defendant was sentenced to serve a total of seventeen years, with the possibility of parole. *Id.* at 1068. On appeal, two of the charges were dropped, and the last remaining charge was remanded to the sentencing judge. *Id.* at 1067. On remand, the

judge resentenced the defendant to seventeen years, with *no* possibility of parole. *Id.* This Court found the punishment on resentencing harsher than the initial punishment, thus raising the *Pearce* presumption of vindictiveness. *Id.* at 1069. Further, this Court found that the judge failed to expressly state any new facts to justify a more severe punishment at resentencing. *Id.* at 1068-69. Because of the judge's omission, the presumption of vindictiveness was not rebutted. Similarly, in Mr. Austin's case the Amended Sentencing Order fails to identify new facts to justify the increased sentence. Therefore, because the State failed to present any new facts justifying the increase in sentencing, the presumption of vindictiveness has not been rebutted.

## CONCLUSION

Mr. Austin received a harsher sentence after exercising his constitutionally safeguarded right to judicial review. Because the state court unreasonably determined that the Amended Sentencing Order reflected the sentencing judge's original intent and did not impermissibly increase Mr. Austin's sentence, the district court was empowered to reach the merits of his petition. Under the Supreme Court's holdings in *Pearce* and *Smith*, Mr. Austin was entitled to a

presumption of judicial vindictiveness because he received a harsher sentence and the circumstances surrounding that sentence establish a reasonable likelihood that the harsher sentence resulted from vindictiveness. Accordingly, this Court should reverse the district court's denial of Mr. Austin's petition and remand this case with instructions to grant him habeas relief.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Austin respectfully requests oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(1) and 4th Circuit Rule 34(a). Mr. Austin is currently serving a sentence that was impermissibly increased by his sentencing judge. The magistrate judge and district court judge below disagreed as to the proper outcome of this case. Because judges have reached conflicting conclusions regarding the proper result, oral argument would assist this Court.

Respectfully Submitted,

__/s/ Erica Hashimoto_____
Erica Hashimoto
Counsel for Timothy Austin
Associate Professor,
Univ. of Georgia School of Law
Appellate Litigation Clinic
University of Georgia School of Law
Herty Drive
Athens, GA  30602-6012
(706) 542-5098

__/s/ Victoria Cuneo_____
Victoria Cuneo
Third Year Law Student
Univ. of Georgia School of Law
Appearing under Rule 46(a)

__/s/ Steven Strasberg_____
Steven Strasberg
Third Year Law Student
Univ. of Georgia School of Law
Appearing pursuant to Rule 46(a)

Date:      October 23, 2013

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App.

P. 32(a)(7)(B) and 4th Cir. R. 32(b) because it contains 6856 words,

excluding the parts of the brief exempted by Fed. R. App. P. 32.

Respectfully Submitted,


__/s/ Erica Hashimoto_____

Erica Hashimoto

# ADDENDUM

## 28 U.S.C. § 2254(d) and (e)

**(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**(e)**

> **(1)** In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> **(2)** If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>> **(A)** the claim relies on--
>>> **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>> **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

## West Virginia Code 61-11-21: Cumulative Sentences

When any person is convicted of two or more offenses, before sentence is pronounced for either, the confinement to which he may be sentenced upon the second, or any subsequent conviction, shall commence at the termination of the previous term or terms of confinement, unless, in the discretion of the trial court, the second or any subsequent conviction is ordered by the court to run concurrently with the first term of imprisonment imposed.

**West Virginia Parole Board Procedural Rule 9**

*available at*

http://www.paroleboard.wv.gov/SiteCollectionDocuments/West%20Virginia%20Parole%20Board%20Procedural%20Rules.pdf

If an inmate is serving consecutive sentences, the time of parole eligibility shall be computed by adding together the minimum terms of the sentences. If one of the sentences is a determinate sentence, then parole eligibility shall be computed by adding a number equal to one-fourth of the determinate term, (or one-third if the firearm statute is applicable), to the minimum term of the other sentences. If the inmate is serving two determinate sentences consecutively, then parole eligibility shall be computed by adding a number equal to one-fourth, (or one-third if the firearm statute is applicable), of one determinate term to a number equal to one-fourth, (or one-third if the firearm statute applied), of the second term.

# CERTIFICATE OF SERVICE

I, Erica Hashimoto, certify that on October 23, 2013, a copy of

Appellant's Replacement Brief was served via the Court's ECF system

on:

Christopher Dodrill
West Virginia Attorney General's Office


_  /s/ Erica Hashimoto  _____

Erica Hashimoto
Associate Professor,
Appellate Litigation Clinic
University of Georgia School of Law
Herty Drive
Athens, GA  30602-6012